UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-115-FDW
5:13-cv-116-FDW

| | |
|---|---|
| ERIC FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES ATTORNEY ) | |
| GENERAL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's motions to proceed *in forma pauperis*, and an initial review of Plaintiff's pro se complaints filed in the above-captioned cases.[1] For the reasons that follow, Plaintiff's complaints will be dismissed.

Under 28 U.S.C. § 1915(e), the district court must dismiss a case when the action is frivolous or malicious, fails to state a cognizable claim for relief or seeks monetary damages from a defendant who enjoys immunity from such relief. § 1915(e)(2)(B)(i)(ii) & (iii). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller

---

[1] The Court has examined Plaintiff's motions to proceed *in forma pauperis* and finds that based on the evidence contained therein, Plaintiff does not have sufficient resources from which to prepay the costs of the filing fee in this matter, and the motions will therefore be granted.

1

v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court finds that the above-captioned cases should be addressed together inasmuch as the complaints appear to raise identical allegations to one another, and the allegations appear identical to allegations pled by Plaintiff in a complaint which this Court dismissed by Order entered August 9, 2013. See (5:13-cv-106-FDW, Doc. No. 5: August 9th Order).[2]

As the Court noted in the August 9th Order, the allegations in Plaintiff's complaint are wholly frivolous and must be dismissed. In the filings in all three cases discussed herein, Plaintiff has included well over 100-pages of delusional allegations. For example, in one repeated allegation, Plaintiff contends that the United States Attorney General, through:

> its agents, officer, employees, or agencies are using advanced technology with a direct signal to the satellite in outerspace that has the capability of [calculating] a genetic code to cause the petitioner and his immediate relatives severe physical and mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

(5:13-cv-106, Doc. No. 1 at 10; 5:13-cv-115, Doc. No. 1 at 10; 5:13-cv-116, Doc. No. 1 at 10).

In the August 9th Order of dismissal, the Court summarized findings from two federal district courts, one in New Hampshire and one in Oregon. These findings detail numerous civil actions filed by Plaintiff in several federal districts across the county. Notably, the allegations which have been uniformly dismissed by federal district courts around the country do not appear to differ from the allegations Plaintiff seeks to pursue through his recently-filed civil actions in this district.

---

[2] Plaintiff mailed each of the complaints in the present two cases and in the case dismissed by the August 9th Order in separate United States Postal Service priority envelopes, apparently indicating his intention to initiate three separate lawsuits.

An overview of what appears to be a fraction of these complaints is detailed by the District Court of New Hampshire:

> Since 2010, plaintiff has filed dozens of lawsuits all over the country, alleging claims substantially the same as those in this action, including appealed to the First Circuit from the United States District Courts in Maine and Massachusetts. See, e.g., Flores v. Holder, Nos. 13-8003 and 12-2479 (1st Cir. Feb. 19, 2013) (affirming Flores v. U.S. Atty. Gen'l, No. 2:13-cv-00007-DBH (D. Me. Jan. 29, 2013), and Flores v. U.S. Atty. Gen'l, No. 4:12-cv-40154-TSH (D. Mass. Nov. 20, 2012)); Flores v. U.S. Atty. Gen'l, No. 2:13-cv-0053-DBH (D. Me. Feb. 15, 2013); Flores v. U.S. Dep't of Health and Human Servs., No. 2:12-cv-00189-DBH (D. Me. June 14, 2012).
>
> The United States Supreme Court, as a result of Flores's abusive litigation tactics there, has restricted Flores's ability to file civil matters in that court. See Flores v. Holder, 132 S. Ct. 2397 (2012) (denying leave to proceed in forma pauperis and dismissing petition for writ of certiorari), and federal district courts around the country have dismissed Flores's complaints as frivolous. See e.g., Flores v. U.S. Atty. Gen'l, NO. 2:13-cv-0053-DBH, 2013 WL 1122719, [at] *2 (D. Me. Feb. 26, 2013) (recommending that the court "join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man'" (citation omitted)), report and recommendation adopted by 2013 WL 1122635 (D. Me. Mar. 18, 2013).

Eric Flores v. United States Attorney General, et al., No. 03-13-cv-01270-HZ (D. Or. Aug. 2, 2013) (quoting Flores v. U.S. Atty Gen'l, No. 13-cv-1-SM, 2013 WL 3190573, at *2 (D.N.H. June 20, 2013)).

The Court finds that Plaintiff's complaints in the above-captioned cases should be dismissed for the same reasons articulated by the Court in its August 9th Order of dismissal.[3] In sum, Plaintiff's allegations are delusional and his complaints will be dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

**IT IS, THEREFORE**, **ORDERED** that:

---

[3] The findings and conclusions in the August 9th Order of dismissal are fully incorporated herein.

3

1. Plaintiff's complaint in Case No. 5:13-cv-115 is **DISMISSED** as frivolous and for failure to state a claim. (Doc. No. 1).

2. Plaintiff's motion to proceed *in forma pauperis* in Case No. 5:13-cv-115 is **GRANTED** for the purpose of this initial review. (Doc. No. 2).

3. Plaintiff's complaint in Case No. 5:13-cv-116 is **DISMISSED** as frivolous and for failure to state a claim. (Doc. No. 1).

4. Plaintiff's motion to proceed *in forma pauperis* in Case No. 5:13-cv-116 is **GRANTED** for the purpose of this initial review. (Doc. No. 2).

5. Plaintiff's motion to transfer this litigation to the District of Columbia is **DISMISSED** as moot. (5:13-cv-116, Doc. No. 3).

The Clerk of Court is respectfully directed to file this Order in each the above-captioned cases and then directed to close these civil cases.

Signed: August 14, 2013

Frank D. Whitney
Chief United States District Judge